UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

```
SOUTHERN DISTRICT OF MISSISSIPPI
       FILED
    SEP 28 2007
   J. T. NOBLIN, CLERK
BY_____DEPUTY
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 4:07CV128TSL-LRA |
| ) | |
| GASTON BARRETT; and ) | |
| CENTRAL MISSISSIPPI PROPERTIES, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff United States of America ("United States"), through its undersigned attorneys, by the authority of the Attorney General, and at the requests of the Administrator of the United States Environmental Protection Agency ("EPA") and the Secretary of the Army, acting through the Chief of Engineers ("Corps"), alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action commenced under section 309(b) and (d) of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) and (d), to obtain injunctive relief and civil penalties against Defendants, Gaston Barrett ("Defendant Barrett") and Central Mississippi Properties, Inc. ("Defendant CMP"), for the unauthorized discharge of pollutants into waters of the United States in Neshoba County, Mississippi, in violation of CWA section 301(a), 33 U.S.C. § 1311(a), and related causes of action under the CWA against Defendant Barrett.

2. In this action, the United States seeks: (1) to enjoin the unauthorized discharge of pollutants into waters of the United States in violation of CWA section 301(a), 33 U.S.C. § 1311(a); (2) to require Defendants, at their own expense and at the direction of EPA, to restore and/or mitigate the damages caused by their unlawful activities; and (3) to require Defendants to pay civil penalties as provided in CWA sections 309(d) and 404(s), 33 U.S.C. §§ 1319(d) and 1344(s).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

4. Venue is proper in the Southern District of Mississippi pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. § 1391(b) and (c), because Defendants conduct business in this District; the waters of the United States into which Defendants discharged pollutants are located in this District; and the causes of action alleged herein arose in this District.

5. Notice of the commencement of this action has been provided to the State of Mississippi pursuant to CWA section 309(b), 33 U.S.C. § 1319(b).

## THE PARTIES

6. Plaintiff is the United States of America. Authority to bring this action is vested in the United States Department of Justice pursuant to 28 U.S.C. §§ 516 and 519, and CWA section 506, 33 U.S.C. § 1366.

7. Defendant Barrett is an individual who does business in Neshoba County, Mississippi, and maintains a post office box in the city of Philadelphia.

2

8. Upon information and belief, Defendant CMP is a corporation which owns real property in Neshoba County, Mississippi; is served by Defendant Barrett as its President; and maintains a post office box in the city of Philadelphia.

9. At all times relevant to the Complaint, Defendants owned or otherwise controlled the real property containing waters of the United States that are the subject of this Complaint.

## STATUTORY AND REGULATORY BACKGROUND

10. CWA section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of pollutants into navigable waters except in compliance with, inter alia, a permit issued pursuant to CWA section 404, 33 U.S.C. § 1344.

11. CWA section 404(a), 33 U.S.C. § 1344(a), authorizes the Corps to issue permits for the discharge of dredged or fill material into navigable waters at specified disposal sites, after notice and opportunity for public comment.

12. CWA section 502(12), 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

13. CWA section 502(6), 33 U.S.C. § 1362(6), defines "pollutant" to include, inter alia, dredged spoil, rock, sand, and cellar dirt.

14. CWA section 502(7), 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas."

15. 33 C.F.R. § 328.3(a)(1), (2), (5) and (7), and 40 C.F.R. § 232.2, define "waters of the United States" to include: (i) all waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce; (ii) all interstate waters; (iii) tributaries to such waters; and (iv) wetlands adjacent to such waters or their tributaries.

16.     33 C.F.R. § 328.3(b) and 40 C.F.R. §§ 122.2 and 232.2 define "wetlands" as "those areas that are inundated or saturated by surface or ground water at a frequency and duration sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions."

17.     CWA section 502(14), 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

18.     CWA section 502(5), 33 U.S.C. § 1362(5), defines "person" to include "an individual [or] corporation."

19.     CWA section 309(b), 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

20.     CWA section 309(d), 33 U.S.C. § 1319(d), authorizes the commencement of an action for civil penalties against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a), or who violates any valid order issued by EPA.

21.     CWA section 404(s)(4), 33 U.S.C. § 1344(s)(4), authorizes the commencement of an action for civil penalties against any person who violates any condition or limitation of a permit issued by the Corps.

## GENERAL ALLEGATIONS

22.     From approximately April 1999 through approximately March 2003, and/or at times best known to Defendants, one or more of Defendants and/or persons acting on their behalf, discharged fill material, dredged material, and/or other constituents that constitute

"pollutants" within the meaning of CWA section 502(6), 33 U.S.C. § 1362(6), at contiguous real property sites in Philadelphia, Neshoba County, Mississippi. The contiguous real property sites are collectively referred to as "Subject Property" in this Complaint.

23.  One or more of Defendants and/or persons acting on their behalf used track excavators, track dozers, self-propelled rollers, dump trucks, and other mechanized equipment to accomplish the discharges of pollutants at Subject Property. This equipment constitutes "point sources" as defined in CWA section 504(14), 33 U.S.C. § 1362(14).

24.  One or more of Defendants and/or persons acting on their behalf discharged pollutants into wetlands that were part of a larger wetlands complex adjacent to the Kentawka Canal and/or to the Little Kentawka Canal.

25.  The Little Kentawka Canal is a tributary to the Kentawka Canal. The Little Kentawka Canal's water flow is relatively permanent.

26.  The wetlands at Subject Property, either alone or in combination with similarly situated lands in the region, significantly affected the chemical, physical, and biological integrity of traditionally navigable waters.

27.  The Kentawka Canal is currently used, was used in the past, or may be susceptible to use in interstate or foreign commerce.

28.  The Kentawka Canal is a tributary to the Pearl River. The Kentawka Canal's water flow is relatively permanent.

29.  The Pearl River is currently used, was used in the past, or may be susceptible to use in interstate or foreign commerce. It is an interstate body of water and a tributary to the Gulf of Mexico.

30. The Gulf of Mexico is an interstate body of water that is currently used in interstate or foreign commerce.

31. At all times relevant to this Complaint, the wetlands at Subject Property, the Little Kentawka Canal, the Kentawka Canal, the Pearl River, and the Gulf Mexico each constituted "waters of the United States" and "navigable waters" under CWA section 502(7), 33 U.S.C. § 1362(7).

32. On or about November 23, 1998, Defendant Barrett obtained a permit from the Corps for discharges of dredged or fill material into waters of the United States at a portion of Subject Property generally identified as "Site 3" in Exhibit A to this Complaint, and at a limited portion of Subject Property on the western end of "Site 4," as generally identified in Exhibit B to this Complaint. See also In re: Gaston Barrett - Site 4, Misc. No. 4:04-CV-131LN (S.D. Miss.).

33. Defendant Barrett did not comply with the permit obtained on or about November 23, 1998.

34. Defendants did not obtain a permit from the Corps for discharges of dredged or fill material into waters of the United States at any other portion of Subject Property, i.e., beyond the portions of Subject Property described in paragraph 32 above.

35. Defendants owned or controlled Subject Property.

36. Defendants conducted, contracted for, supervised and/or otherwise controlled the discharges of pollutants at Subject Property.

37. Defendants are persons within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

38. Defendants have violated and continue to violate CWA section 301(a), 33 U.S.C. § 1311(a), by their unauthorized discharges of fill material, dredged material, and/or other pollutants into waters of the United States at Subject Property.

39. Each day that a pollutant remains in place constitutes a separate violation of CWA section 301(a), 33 U.S.C. § 1311(a).

40. Unless enjoined, Defendants are likely to continue to discharge fill material, dredged material, and/or other pollutants and/or to allow pollutants to remain in waters of the United States at Subject Property in violation of CWA section 301, 33 U.S.C. § 1311.

## COUNT ONE:  UNAUTHORIZED DISCHARGES OF POLLUTANTS

41. The United States repeats and realleges the allegations set forth in Paragraphs 1 through 40.

42. From approximately April 1999 through approximately September 2001, and/or at times best known to Defendant Barrett, Defendant Barrett and/or persons acting on his behalf discharged dredged material, fill material, and/or other pollutants into waters of the United States at Subject Property's Site 4.

43. From approximately January 2003 through approximately March 2003, and/or at times best known to Defendants, Defendants and/or persons acting on their behalf discharged dredged material, fill material, and/or other pollutants into waters of the United States at a portion of Subject Property generally identified as "Site 2" in Exhibit C to this Complaint. See also In re: Gaston Barrett - Site 2, Misc. No. 4:04-CV-132LN (S.D. Miss.).

7

44. Defendants' unauthorized discharges of dredged material, fill material, and/or other pollutants into waters of the United States at Subject Property violated, and continues to violate, CWA sections 301(a) and 404, 33 U.S.C. §§ 1311(a) and 1344.

## COUNT TWO: VIOLATION OF PERMIT

45. The United States repeats and realleges the allegations set forth in Paragraphs 1 through 44.

46. A condition or limitation of the permit the Corps issued to Defendant Barrett on or about November 23, 1998, for Subject Property's Site 3 and a limited portion of Site 4 was that "[m]aterial shall be compacted upon completion of construction, and the site shall be naturally vegetated, seeded or sodded, as necessary, to restore cover and prevent erosion."

47. Upon completing construction, Defendant Barrett did not compact material or vegetate, seed or sod, as necessary, to restore cover and prevent erosion as required by the permit.

48. Another condition or limitation of the permit the Corps issued to Defendant Barrett on or about November 23, 1998, for Subject Property's Site 3 and a limited portion of Site 4 was that "clearing and filling associated with site preparation and construction shall impact no more than 1 acre of jurisdictional wetlands or other waters of the United States."

49. Defendant Barrett's site preparation and construction activities following the Corps' issuance of the permit on or about November 23, 1998, impacted more than 1 acre of waters of the United States at Subject Property, in violation of the permit.

50. Defendant Barrett's failure to comply with one or more conditions or limitations of the permit resulted in unauthorized discharges of sediment and/or other pollutants into waters

8

of the United States at Subject Property, in violation of CWA sections 301(a) and 404(s), 33 U.S.C. §§ 1311(a) and 1344(s).

## COUNT THREE: VIOLATION OF ORDERS

51. The United States repeats and realleges the allegations set forth in Paragraphs 1 through 50.

52. On or about October 23, 2003, EPA issued an administrative order pursuant to CWA section 309(a), 33 U.S.C. § 1319(a), which directed Defendant Barrett, among other things, to propose to EPA and implement an approved plan to restore at least nine acres of waters of the United States at Subject Property's Site 4 to their condition just prior to the activities discussed above in paragraph 42.

53. To date, Defendant Barrett has not restored any waters of the United States at Site 4 to their pre-fill condition.

54. On or about October 23, 2003, EPA issued an administrative order pursuant to CWA section 309(a), 33 U.S.C. § 1319(a), which directed Defendant Barrett, among other things, to propose to EPA and implement an approved plan to restore waters of the United States at Subject Property's Site 2 to their condition just prior to the activities discussed above in paragraph 43.

55. To date, Defendant Barrett has not restored any waters of the United States at Site 2 to their pre-fill condition.

56. Defendant Barrett has not complied with the orders referenced above in paragraphs 52 and 54, in violation of CWA section 309(d), 33 U.S.C. § 1319(d).

## **PRAYER FOR RELIEF**

WHEREFORE, the United States respectfully requests that this Court order the following relief:

That Defendants be permanently enjoined from discharging or causing the discharge of dredged or fill material or other pollutants into any waters of the United States except in compliance with the CWA;

That Defendants be enjoined to undertake measures, at Defendants' own expense and at the direction of EPA, to effect restoration of waters of the United States at Subject Property and to conduct off-site mitigation for unauthorized impacts to waters of the United States, as appropriate;

That Defendants be assessed pursuant to CWA section 309(d), 33 U.S.C. § 1319(d), and/or CWA section 404(s)(4), 33 U.S.C. § 1344(s)(4), a civil penalty for each day of each violation of the CWA alleged herein;

That the United States be awarded costs and disbursements in this action; and

That this Court grant the United States such other relief as the Court may deem just and proper.

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division

Dated: 9/26/07

ANDREW J. DOYLE

Dated: 9/26/07

TARA M. BAHN
Trial Attorneys
Environmental Defense Section
P.O. Box 23986
Washington, DC 20026-3986
phone (202) 514-4427 (Doyle)
phone (202) 514-2689 (Bahn)
fax (202) 514-8865 (both)
andrew.doyle@usdoj.gov
tara.bahn@usdoj.gov

DUNN O. LAMPTON
United States Attorney
Southern District of Mississippi

Dated: 9/27/07

EDDIE PEARSON
Assistant United States Attorney
188 East Capitol Street, Suite 500
Jackson, MS 39201
phone (601) 973-2887
fax (601) 965-4409
eddie.pearson@usdoj.gov

OF COUNSEL:

Everett Volk, Attorney
United States Environmental Protection Agency
Office of Compliance and Enforcement Assurance
Washington, DC

Kevin Smith, Attorney
Assistant Regional Counsel
United States Environmental Protection Agency
Region 4
Atlanta, GA

Daniel Inkelas, Attorney
United States Army Corps of Engineers
Washington, DC

11

Mellie M. Billingsley, Attorney
United States Army Corps of Engineers
Vicksburg District
Vicksburg, MS

                                        Attorneys for the United States of America